# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BAUM,<br><br>　　　　　　　　Plaintiff,<br>　vs.<br><br>AMERICA'S SERVICING COMPANY, QUALITY LOAN CORPORATION; CREDIT SUISSE FIRST BOSTON MORTGAGE SECURITIES CORP., CSMC MORTGAGE-BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-2; and all persons unknown who may claim an interest in title to the subject property; and DOES 1 through 20, inclusive,<br><br>　　　　　　　　Defendant. | CASE NO. 12-CV-00310-H (BLM)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH 30 DAYS LEAVE TO AMEND** |

On February 13, 2012, Defendants filed a motion to dismiss Plaintiff Robert Baum's complaint. (Doc. No. 3.) On March 16, 2012, the Court requested Plaintiff's opposition briefing as soon as possible. (Doc. No. 4.) On March 21, 2012, the Court again requested Plaintiff's opposition by March 27, 2012. (Doc. No. 5.) The Court still has not received Plaintiff's opposition. The Court, pursuant to its discretion under Local Rule 7.1(d)(1), determines that these matters are appropriate for resolution without oral argument, submits the motion on the parties' papers, and vacates the hearing scheduled for April 9, 2012, at 10:30 a.m. For the following reasons, the Court grants Defendants' motion to dismiss the complaint

under Federal Rule of Civil Procedure 12(b)(6) and grants Plaintiff 30 days leave to amend to cure the deficiencies in the complaint.

**Background**

Plaintiff's complaint arises out of a nonjudicial foreclosure sale initiated by Defendants. (Doc. No. 1.) On June 30, 2006, Plaintiff executed a Deed of Trust ("DOT") to obtain a loan for $779,850 to refinance the real property located at 2290 Calle Caralene, Fallbrook, California 92028. (Doc. Nos. 1; 3, Ex. 1.) In October 2010, Plaintiff applied for a loan modification. (Doc. Nos. 1, 3.) Plaintiff was subsequently denied a loan modification. (Doc. Nos. 1, 3.) On April 6, 2011, the Assignment of Deed of Trust to U.S. Bank National Association, as Trustee for Credit Suisse First Boston Mortgage Securities Corp., CSMC Mortgage-Backed Pass-Through Certificates, Series 2007-2 ("U.S. Bank") was recorded. (Doc. No. 3, Ex. 2.) On May 13, 2011, Quality Loan Service Corp. ("Quality") was substituted in as Trustee under the DOT. (Doc. Nos. 1; 3, Ex. 3.) On May 18, 2011, Quality recorded a Notice of Default. (Doc. Nos. 1; 3, Ex. 4.) On August 23, 2011, a Notice of Trustee's Sale was recorded. (Doc. Nos. 1; 3, Ex. 5.) The foreclosure sale has not yet occurred.

Plaintiff filed a complaint against Defendants on February 6, 2012, alleging that Defendants lack authority to commence the foreclosure process, causes of action one and two; alleging fraud, cause of action three; and seeking cancellation of the DOT, cause of action four. (Doc. No. 1.) Defendants filed their motion to dismiss on February 13, 2012. (Doc. No. 3.) Defendants argue that the complaint fails because Plaintiff has not tendered the outstanding loan balance. (Doc. No. 3.) In the alternative, Defendants argue that Plaintiff lacks standing to challenge the nonjudicial foreclosure, Plaintiff has failed to allege fraud with the required specificity of Federal Rule of Civil Procedure 9(b), and Plaintiff has failed to sufficiently allege reasons why the DOT should be cancelled. (Doc. No. 3.)

///
///
///

**Discussion**

**I.     Request for Judicial Notice**

Defendants' motion to dismiss is accompanied by a request for judicial notice, in which Defendants ask the Court to take judicial notice of several documents. (Doc. No. 3-2, Ex. 1–5.) In general, the scope of review on a motion to dismiss for failure to state a claim is limited to "allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007). The Court may consider additional documents under the "incorporation by reference" doctrine as long as "the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005).

Defendants submit for judicial notice the DOT recorded in the San Diego County Recorder's Office on July 7, 2006. (Doc. No. 3-2, Ex. 1.) The Deed is a public record, and is referenced in and included as an exhibit to the complaint. (See Doc. No. 1, Ex. D.) Defendants also submit for judicial notice a copy of the Notice of Default and Election to Sell, recorded on May 18, 2011 in the San Diego County Recorder's Office. (Doc. No. 3-2, Ex. 4.) The Notice of Default is also a public record and is referenced and included as an exhibit to the complaint. (See Doc. 1-2, Ex. E.) Defendants submit a copy of the Assignment recorded in the San Diego County Recorder's Office on April 6, 2011. (Doc. No. 3-2, Ex. 2.) The Assignment is a public record and is referenced in the complaint. (See Doc. No. 1-2, ¶ 20.) Defendants submit a copy of the Substitution of Trustee, recorded on May 13, 2011 in the San Diego County Recorder's Office. (Doc. No. 3-2, Ex. 3.) It is a public record and is referenced in the complaint. (See Doc. No. 1-2, ¶ 22, 28–33.) Defendants also submit a copy of the Notice of Trustee Sale recorded on August 23, 2011 in the San Diego County Recorder's Office. (Doc. No. 3-2, Ex. 5.) It is a public record and is referenced in the complaint. (See Doc. No. 1-2, ¶ 22.) The Court grants Defendants' request to the extent the offered documents are properly subject to judicial notice.

**II.     Motion To Dismiss—Legal Standard**

A motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. Navarro v. Black, 250 F.3d 729, 732 (9th Cir. 2001). Rule 8(a)(2) requires that a pleading stating a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The function of this pleading requirement is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Wright & Miller, Federal Practice and Procedure § 1216, 235–36 (3d ed. 2004)). "All allegations of material fact are taken as true and construed in the light most favorable to plaintiff. However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." Epstein v. Wash. Energy Co., 83 F.3d 1136, 1140 (9th Cir. 1996); see also Twombly, 550 U.S. at 555.

**A.     Plaintiff's General Allegations**

**1.     Failure To Allege Tender of Outstanding Loan Balance**

In his complaint, Plaintiff requests an order enjoining the foreclosure sale and any eviction proceedings on his property, claiming that Defendants lacked authority to commence the nonjudicial foreclosure process. (Doc. No. 1.) Defendants argue that Plaintiff's complaint fails as a matter of law because he did not allege that he tendered or is willing to unconditionally tender the outstanding loan balance to Defendants. (Doc. No. 3.) The Court agrees.

1  Under California law, the tender rule requires that as a precondition of challenging a
2  foreclosure sale, the borrower must make a valid and viable tender of payment of the secured
3  debt.  <u>Arnolds Mgmt. Corp.</u>, 205 Cal. Rptr. 15, 17–18 (Ct. App. 1984.); <u>Karlsen v. Am. Sav.</u>
4  <u>& Loan Ass'n</u>, 92 Cal. Rptr. 851, 854 (Ct. App. 1971).  Consistent with this principle, "an
5  action to set aside a trustee's sale for irregularities in sale notice or procedure should be
6  accompanied by an offer to pay the full amount of the debt for which the property was
7  security." <u>Arnolds</u>, 205 Cal. Rptr. at 17.  "This rule . . . is based upon the equitable maxim that
8  a court of equity will not order a useless act performed."  <u>FPCI RE-HAB 01 v. E & G Invs.,</u>
9  <u>Ltd.</u>, 207 Cal. App. 3d 1018, 1021 (Ct. App. 1989).

10  Here, Plaintiff has not alleged a valid tender of the amount required to cure the loan's
11  default.  (<u>See</u> Doc. No. 1.)  Therefore, in accordance with California law, any action by this
12  Court would be futile and an improper exercise of the Court's power.  <u>See</u> <u>Karlsen</u>, 92 Cal.
13  Rptr. at 118.  Accordingly, the Court grants Defendants' motion to dismiss Plaintiff's
14  complaint with leave to amend.

15  **2.    Claim One: Defendants' Lack of Standing**

16  In his complaint, Plaintiff alleges that Defendants lacked authority to commence
17  foreclosure proceedings because the securitization process left Defendants with no claim to the
18  property and because Defendants were not the holders of the note. (Doc. No. 1.)  Defendants
19  argue that Plaintiff lacks standing to challenge the foreclosure, assignments, or the PSA, and
20  Defendants had statutory authority to commence the foreclosure process.  (Doc. No. 3.)  The
21  Court agrees.

22  "California Civil Code sections 2924 through 2924k govern non-judicial foreclosures
23  initiated under a deed of trust.  'California courts have consistently held that the Civil Code
24  provisions 'cover every aspect' of the foreclosure process and are intended to be exhaustive.'"
25  <u>Gardner v. Am. Home Mortg. Servicing, Inc.</u>, 691 F. Supp. 2d 1192, 1202 (E.D. Cal. 2010)
26  (quoting <u>Morgera v. Countrywide Home Loans, Inc.</u>, 2:09-cv-01476-MCE-GGH, 2010 WL
27  160348, at *7 (E.D. Cal. Jan 11, 2010)); <u>see also</u> <u>Gomes v. Countrywide Home Loans, Inc.</u>,
28  192 Cal. App. 4th 1149, 1154 (Ct. App. 2011).  California Civil Code section 2924(a)(1) states

that a "trustee, mortgagee, or beneficiary, or any of their agents" may initiate the foreclosure process. Cal. Civ. Code § 2924(a)(1). Because of the comprehensive nature of the statute, courts have "'refused to read any additional requirements into the non-judicial foreclosure statute.'" Gomes., 192 Cal. App. 4th at 1154 (quoting Lane v. Vitek Real Estate Indus. Grp., 713 F. Supp. 2d 1092, 1098 (E.D. Cal. 2010)). In Gomes v. Countrywide Home Loans, Inc., the California Court of Appeal discussed a borrower's right to bring a court action to determine whether the owner of a note has authorized its nominee to initiate the foreclosure process. Id. The Court of Appeal stated that the plaintiff was "attempting to interject the courts into this comprehensive judicial scheme . . . [and] has identified no legal authority for such a lawsuit." Id. The court held that "[n]othing in the statutory provisions establishing the nonjudicial foreclosure process suggests that a judicial proceeding is permitted or contemplated." Id. Accordingly, the Court of Appeal concluded that California Civil Code section 2924(a)(1) does not permit a borrower "to bring a lawsuit to determine a nominee's authorization to proceed with foreclosure on behalf of the noteholder" because it would "fundamentally undermine the nonjudicial nature of the process and introduce the possibility of lawsuits filed solely for the purpose of delaying foreclosures." Id. at 1155.

Even if Plaintiff's cause of action were not barred by the tender rule, Plaintiff lacks standing in this case to challenge the foreclosure process. The Court agrees with Defendants that Plaintiff is attempting to impose a judicial review of the nonjudicial foreclosure process that is not contemplated by California law. Therefore, because under California law Plaintiff has no legal authority to bring a suit to determine whether the owner of the Note has authorized its nominee to initiate the foreclosure process, Plaintiff's claim fails as a matter of law. Accordingly, the Court grants Defendants' motion to dismiss Plaintiff's first cause of action for Defendants' lack of standing with leave to amend. (See Doc. No. 1, 3.)

### 3. Claim Two: Defendants' Lack of Standing

Plaintiff alleges that Defendants have no claim against the property because the DOT was not assigned, transferred, or delivered through the purchase and sale agreement ("PSA") in a manner pursuant to Delaware law. (Doc. No. 1.) In their motion to dismiss, Defendants

1  argue that Plaintiff does not have standing to challenge the assignments or the PSA because
2  he is not a party to, or intended beneficiary of, these agreements. (Doc. No. 3.) The Court
3  agrees.

4  Under California law, a plaintiff lacks standing to challenge a contract if he is not a
5  party to the contract or if the principal contract "was not made expressly for the benefit of
6  plaintiff." Luis v. Orcutt Town Water Co., 204 Cal. App. 2d 433, 439 (Ct. App. 1962); see
7  also Bascos v. Fed. Home Loan Mortgage Corp., No. CV 11-3968-JFW (JCx), 2011 WL
8  3157063, at *4 (C.D. Cal. July 22, 2011) ("To the extent Plaintiff challenges the securitization
9  of his loan because Freddie Mac failed to comply with the terms of its securitization
10 agreement, Plaintiff has no standing to challenge the validity of the securitization of the loan
11 as he is not an investor of the loan trust.").

12 Even if Plaintiff's cause of action were not barred by the tender rule, Plaintiff has not
13 pled that he was a party to the agreement through which the DOT was assigned, transferred,
14 or delivered. (Doc. No. 1.) Additionally, he does not plead that he is a third-party beneficiary
15 of the contract. (Doc. No. 1.) Accordingly, Plaintiff lacks standing to challenge the
16 assignment, and the Court grants Defendants' motion to dismiss Plaintiff's second cause of
17 action for Defendants' lack of standing with leave to amend. (See Doc. Nos. 1, 3.)

18              **4.   Claim Three: Fraud**

19 Plaintiff's third cause of action is for intrinsic fraud in the foreclosure process. (Doc.
20 No. 1.) Plaintiff alleges that Defendants committed several acts in the pending foreclosure
21 process, including failing to strike notary acknowledgments properly, failing to comply with
22 California Civil Code section 2935a(2)(D), and executing an invalid notice of default. (Doc.
23 No. 1.) Defendants argue that Plaintiff's cause of action should be dismissed because Plaintiff
24 did not allege the elements of fraud and because Plaintiff did not comply with the heightened
25 pleading requirements for fraud. (Doc. No. 3.)

26 Under California law, the elements of fraud are "false representation, knowledge of its
27 falsity, intent to defraud, justifiable reliance, and damages." Moore v. Brewster, 96 F.3d 1240,
28 1245 (9th Cir. 1996) (quotations omitted). Under Federal Rule of Civil Procedure 9, a Plaintiff

must plead fraud with particularity. "Rule 9(b)'s particularity requirement applies to state-law causes of action." Vess v. Ciba–Geigy Corp. USA, 317 F.3d 1097, 1103 (9th Cir. 2003). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." Id. at 1106 (quoting Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997)). "[A] plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false." Id. (internal citation omitted) (internal quotation marks omitted). "While statements of the time, place and nature of the alleged fraudulent activities are sufficient, mere conclusory allegations of fraud" are not. Moore v. Kayport Package Express, Inc., 885 F.2d 531, 540 (9th Cir. 1989). Further, Rule 9(b) requires a plaintiff to attribute particular fraudulent statements or acts to individual defendants. Id.

Even if Plaintiff's cause of action were not barred by the tender rule, to the extent Plaintiff alleged fraud, his claim cannot succeed. Plaintiff fails to plead fraud with sufficient particularity. Plaintiff has presented only conclusory allegations of fraud in his complaint. These allegations fall well short of the pleading requirements of Rule 9(b). Although Plaintiff lists several actions that he regards are fraudulent, he fails to allege who perpetrated the fraudulent acts. (Doc. No. 1.) Additionally, Plaintiff fails to allege what about the acts was false or misleading and why they were false. See Vess, 317 F.3d at 1103. Plaintiff also fails to allege that he relied on the alleged fraudulent statements, a required element of fraud. (Doc. No. 1.) Therefore, Plaintiff has failed to adequately state a cause of action for fraud with the required particularity. See Fed. R. Civ. Pro. 9. Accordingly, the Court grants Defendants' motion to dismiss Plaintiff's third cause of action for fraud with leave to amend.

### 5.   Claim Four: Cancellation of Trust Deed

Plaintiff seeks cancellation of the DOT pursuant to California Civil Code section 3412. (Doc. No. 1.) Defendants argue that Plaintiff has failed to offer any facts as to why the DOT is subject to cancellation. (Doc. No. 3.) Further, Defendants argue that Plaintiff has failed to allege that he has restored the value he received from the loan transaction. (Doc. No. 3.)

California Civil Code section 3412 states that "a written instrument, in respect to which

there is a reasonable apprehension that if left outstanding it may cause serious injury to a person against whom it is void or voidable, may, upon his application, be so ajudged, and ordered to be delivered up or cancelled." Cal. Civ. Code § 3412.

Even if Plaintiff's cause of action were not barred by the tender rule, Plaintiff has not sufficiently alleged a cause of action for cancellation of the trust deed. (Doc. No. 1.) Plaintiff alleges as the basis for the cancellation that the "DOT is causing serious injury to Plaintiff's property rights and right to possession of the property." (Doc. No. 1.) However, Plaintiff does not offer specific facts that support a reasonable apprehension of injury or explain why the DOT is void or voidable against Defendants. (Doc. No. 1.) Plaintiff pleads conclusory facts devoid of factual enhancement. (Doc. No. 1.) Additionally, Plaintiff fails to allege that he has restored everything of value received from the loan transaction. A cause of action requesting rescission requires such. See Star Pac. Invs., Inc. v. Oro Hills Ranch, Inc., 121 Cal. App. 3d 447, 457 (Ct. App. 1981) ("[I]n order to obtain rescission of an agreement, including rescission on the basis of inducement into the agreement by the defendant's fraudulent misrepresentation, a plaintiff must generally restore to the defendant everything of value which the plaintiff has received from defendant under the agreement."); see also Cerecedes v. U.S. Bankcorp, No. CV 11-219 CAS (FMOx), 2011 WL 2711071, at *5 (C.D. Cal. July 11, 2011); Sanchez v. MortgageIt, Inc., No. C 10-4146 PJH, 2011 WL 588178, at *2 (N.D. Cal. Feb. 10, 2011). Therefore, Plaintiff has failed to plead facts sufficient to support a cause of action for cancellation of the DOT. (Doc. No. 1.) Accordingly, the Court grants Defendants' motion to dismiss Plaintiff's fourth cause of action for cancellation of the DOT with leave to amend. (See Doc. Nos. 1, 3.)

///
///
///
///
///

**Conclusion**

For the foregoing reasons, the Court grants Defendants' motion to dismiss Plaintiff's complaint and grants 30 days leave to amend to cure the deficiencies in the complaint

**IT IS SO ORDERED.**

DATED: April 5, 2012

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

COPY TO:

Rick L. Raynsford, Esq.
Southland Law Center
23120 Alicia Parkway, Suite 110
Mission Viejo, CA 92692